IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE MAZUR,<br>          Plaintiff | : Case No.: 4:04cv2736<br>:<br>: Judge Jones |
| v | :<br>: |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security<br>          Defendant. | :<br>:<br>:<br>: |

**MEMORANDUM AND ORDER**

October 3, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On or about December 22, 2000, the plaintiff, Valerie Mazur ("Plaintiff" or "Mazur"), filed an application for disability insurance benefits ("DIB") alleging an inability to work since July 19, 1996, due to disc herniations at the T7-8-9 levels, anxiety attacks, bulging dis at the L5-S1 level, muscle spasms, numbness and tingling in her fingers, headaches, nausea, concentration problems and memory loss. She later changed her disability onset date to September 22, 1999. Her claims were initially denied. An administrative hearing was held on November 2, 2001. Plaintiff was denied benefits by the Administrative Law Judge ("ALJ") on November 9, 2001. (Rep. & Rec. at 3). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 16, 2004, making the

decision of the ALJ the "final decision" of the Commissioner. 42 U.S.C. § 405(g)(1995).

Plaintiff filed the instant action in the United States District Court for the Middle District of Pennsylvania on December 17, 2004. The case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review.

On September 7, 2005, the Magistrate Judge issued a report (doc. 10) recommending that the Plaintiff's appeal be granted as the ALJ's erred when he afforded no weight to the opinion of Plaintiff's treating physicians.   Objections to the Magistrate Judge's report were due by September 26, 2005 and to date none have been filed. This matter is therefore ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. See Thomas v. Arn, 474 U.S. 145, 151-52(1985). In an appeal of the denial of Social Security Benefits, our review of the Magistrate Judge's report and the issues contained therein is governed not only by that principle but also by 42 U.S.C. § 405(g). In such cases our review is less than plenary. A decision of the Commissioner which is supported by substantial evidence must be affirmed. See Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). Therefore, a reviewing court must scrutinize the record as a whole. See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Dobrowolosky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

**DISCUSSION:**

As the Magistrate Judge explained, the Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. This process requires the Commissioner to consider, in sequence: (1) whether the

claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairments meet or equal a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work.  See 20 C.F.R. § 404.1520; see also 20 C.F.R. § 416.920.

After proceeding through each step of the sequential evaluation process, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (Rep. & Rec. at 4).  The ALJ determined the following: that the claimant had the residual functional capacity to perform simple, unskilled, light exertional level work with a sit/stand option and with the other restrictions; that there are jobs which exist in significant numbers in the national economy which the claimant could perform, consistent with her medical and vocational factors. (Rep. & Rec. at 4).

Magistrate Judge Mannion reviewed the administrative record and prepared a comprehensive report concluding that Plaintiff's appeal should be granted as the ALJ erred when he afforded no weight to the opinion of Plaintiff's treating physicians.  Our review of this case confirms the Magistrate Judge's determinations and, while we have not been presented with any reason to revisit

them, we will reiterate the salient aspects thereof.

We initially note that the relevant time period to consider in this case is September 22, 1999, the alleged onset date of disability, through November 9, 2001, the date of the ALJ's decision. As the Magistrate Judge notes, the Plaintiff first argues that the ALJ improperly considered and failed to give appropriate weight to the opinions of her treating physicians, Dr. Duffy and Dr. Prawdzik. The ALJ stated that his own examination of the MRIs "disclosed something different" than the doctors' MRI findings of disc hernations and bulging. (Rep. & Rec. at 12). We agree with the Magistrate Judge that the ALJ erred by failing to accord any weight to the conclusions of Plaintiff's treating physicians, Dr. Prawzik and Dr. Duffy. (Rep. & Rec. at 15). Moreover, we are in agreement with the Magistrate Judge's determination that the ALJ was required to accept the medical judgment of the treating physicians because the opinion was not conclusory, unsupported by medical evidence, or contradicted by other physicians. The ALJ failed to indicate any contradictory medical evidence or opinion to support his rejection of Dr.Prawdzik's opinion that Plaintiff was temporarily disabled from September 1999 to March 2002, other than the ALJ's own interpretation of the MRI. <u>Id.</u> at 16. Therefore, we agree with the Magistrate Judge that the case should be remanded to the Commissioner for further evaluation of the Plaintiff's treating

physicians' disability opinions in accordance with Third Circuit case law and the Commissioner's regulations.

The second salient aspect of the Magistrate Judge's report concerns the Plaintiff's credibility. Although the Plaintiff maintains that when making his credibility determination, the ALJ impermissibly considered settlement proceeds that Plaintiff received from her injury claims, we are in agreement with the Magistrate Judge that the ALJ relied upon both medical and nonmedical evidence which was in the record, and determined that Plaintiff's complaints of pain were out of proportion with the objective medical evidence (Rep. & Rec. at 13-16). We therefore find that the ALJ's decision with regard to Plaintiff's credibility is supported by substantial evidence.

The third and final salient aspect of the Magistrate Judge's report concerns Plaintiff's argument that there is new and material evidence which was not before the ALJ, that should have been considered by the Appeals Council under 20 C.F.R. § 404.970, and which now warrants remand to the Commissioner. The new evidence consists of treatment records from Dr. Duffy and a vocational report. To justify a remand based on additional evidence, the evidence must be material and there must be good cause for failing to submit the evidence to the ALJ. See 42 U.S.C. § 405(g). We agree with the Magistrate Judge's decision that the additional

evidence does not warrant remand because (1)Dr. Duffy's report is merely cumulative medical evidence and there was no showing of good cause as to why the evidence was unavailable to the ALJ; and (2) there was no opportunity for the Defendant to challenge the vocational consultant's report, nor were the vocational consultants' qualifications to testify as an expert witness established on the record.

Because we find no error in Magistrate Judge Mannion's Report and Recommendation and, because no objections have been filed, we will adopt the Magistrate Judge's findings as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation (doc. 10) filed on September 7, 2005, is adopted in its entirety.

2. Plaintiff's appeal from the decision of the Commissioner of Social Security is hereby GRANTED, consistent with Magistrate Judge Mannion's Report and Recommendation.

3. This case is remanded to the Commissioner of Social Security.

4. The Clerk of Courts is directed to close this file.

s/ John E. Jones III  
JOHN E. JONES III  
United States District Judge